IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE CARTER, | § | |
| | § | No. 52, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1708010942 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 3, 2020
Decided: January 4, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the Superior Court record, it appears to the Court that:

(1) In September 2017, a Superior Court grand jury charged the appellant, Jermaine Carter, by indictment with one count of assault in a detention facility. Carter waived his right to a jury trial, and the case proceeded to trial before a Superior Court judge on January 28, 2020. At trial, the State presented evidence that Carter, an inmate serving a life sentence at the James T. Vaughn Correctional Facility, threw feces at a corrections officer as the officer approached Carter's cell. The feces, which the corrections officer was able to identify by its appearance and

pungent odor, struck the corrections officer on her face and body. At the conclusion of the trial, the Superior Court judge found Carter guilty but mentally ill of assault in a detention facility[1] and immediately sentenced Carter to one year of Level V incarceration. This is Carter's direct appeal.

(2)     Carter's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Carter's attorney informed Carter of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, a draft of the accompanying brief, and the trial transcript. Counsel also informed Carter of his right to supplement his attorney's presentation. Carter has not raised any issues for the Court's consideration. The State has responded to the position taken by Carter's counsel and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably be raised on appeal.[2] Second, the Court must conduct its own review of the record and determine

---

[1] The State stipulated that Carter suffered from mental illness at the time of the offense.
[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(4) The Court has reviewed the record carefully and has concluded that Carter's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Carter's counsel has made a conscientious effort to examine the record and the law and has properly determined that Carter could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Penson*, 488 U.S. at 81-82.